UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | | |
|---|---|---|
| RAIMUNDAS KAZLAUSKAS, ) | | |
| individually and on behalf of a class ) | | |
| similarly situated individuals, ) | | |
| ) | | |
| Plaintiff, ) | Case No. 11-2144 | |
| v. ) | | |
| ) | | |
| UNITED HEALTHCARE INSURANCE ) | | |
| COMPANY, ) | | |
| Defendant. ) | | |

# REPORT AND RECOMMENDAITON

Defendant UnitedHealthcare Insurance Company filed a Notice of Removal (#1) in June 2011, removing this action from the Circuit Court of the Sixth Judicial Circuit, Champaign County, Illinois. Plaintiff Raimundas Kazlauskas brought a class action suit against Defendant in state court for breach of contract. Plaintiff also included a statutory claim for vexatious refusal to provide coverage. Illinois Insurance Code, 215 ILCS 5/155.

Plaintiff subsequently filed a Motion for Remand (#5), arguing that Defendant's allegations of diversity of citizenship are inadequate. Defendant filed UnitedHealthcare Insurance Company's Response in Opposition to Plaintiff's Motion for Remand (#7). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C § 636(b)(1)(B), that Plaintiff's Motion to Remand **(#5)** be **DENIED**.

## I. Background

Plaintiff was an undergraduate student at the University of Illinois at Urbana-Champaign. He purchased the Student Injury and Sickness Insurance Plan (hereinafter "the Plan") offered at the University by Defendant.[1] On April 17, 2010, Plaintiff was injured when he fell off a third

---

[1] Defendant also provides health insurance coverage at other universities under the same plan. Plaintiff lists these universities in his complaint. (#1-1, p. 3). Plaintiff would seek to have students at these other universities with similar claims against Defendant join in this class action.

floor balcony of an apartment. Plaintiff was intoxicated when the accident occurred. Defendant refused to pay Plaintiff's expenses incurred for medical treatment. Plaintiff alleges that, by the terms of the Plan, Defendant routinely and wrongfully denies coverage to students who have sustained injuries caused by or resulting from intoxication, illegal drugs, or any drugs or medicines not taken in the prescribed dosage. Plaintiff alleges that this coverage exclusion is prohibited under Illinois law, and therefore is void as against public policy.

## II. Standard

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). The party seeking removal bears the burden to prove that grounds exist warranting removal. *Brill v. Countrywide Home Loans*, 427 F.3d 446 (7th Cir. 2005).

## III. Discussion

Plaintiff argues that Defendant's Notice of Removal fails to establish that the amount in controversy exceeds five million dollars. Accordingly, Plaintiff contends Defendant has failed to demonstrate the grounds for removal that are requisite under 28 U.S.C. § 1332(d), pertaining to diversity of citizenship and amount in controversy in class actions. Therefore, Plaintiff asserts this case is not eligible for removal under 28 U.S.C. § 1453, pertaining to removal of class actions.

Defendant responds that it has removed this action on the basis of traditional diversity jurisdiction, governed by 28 U.S.C. § 1332(a). Defendant has alleged that it is a citizen of the State of Connecticut, and Plaintiff is a citizen of the State of Illinois, and the amount in

controversy exceeds $75,000. (#1, p. 2, ¶¶ 5-7).[2] Defendant argues that, even though Plaintiff seeks to represent a putative class, only the citizenship of the named plaintiff is considered for the purposes of establishing diversity. *Grede v. Bank of New York Mellon*, 598 F.3d 899, 901 (7th Cir. 2010).

In class actions, only the citizenship of the named plaintiffs matters for diversity purposes. *F. & H.R. Farman-Farmaian Consulting Eng'rs Firm v. Harza Eng'g Co.*, 882 F.2d 281, 284 (7th Cir. 1989); *Payton v. County of Kane*, 308 F.3d 673, 681 (7th Cir. 2002) (stating "the citizenship requirement for purposes of diversity jurisdiction in a class action hinges entirely on the citizenship of the named plaintiffs"). In the Class Action Fairness Act of 2005, Congress expanded statutory diversity jurisdiction through § 1332(d), but in doing so Congress did not affect those cases in which parties could already establish complete diversity under § 1332(a). *See Hart v. FedEx Ground Package Sys., Inc.*, 457 F.3d 675, 676-77 (7th Cir. 2006).

As such, this Court agrees with Defendant's contention that, as long as it can properly allege diversity jurisdiction under 28 U.S.C. § 1332(a), pertaining to traditional diversity jurisdiction, it does not also have to meet the requirements of 28 U.S.C. § 1332(d). Defendant has properly removed this case pursuant to § 1332(a).

---

[2]The Court notes that Defendant alleges "upon information and belief" that Kazlauskas is a citizen of the State of Illinois. Jurisdictional allegations made "upon information and belief" are not adequate. *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992). However, this technical defect can be cured. *Rothner v. City of Chicago*, 879 F.2d 1402, 1411-12 n. 10 (7th Cir. 1989); *Stein v. Sprint Commc'ns Co., L.P. (Amended Opinion)*, 968 F. Supp. 371, 375-76 (N.D. Ill. 1997).

## IV. Summary

For the reasons state above, this Court recommends that Plaintiff's Motion for Remand **(#5)** be **DENIED**.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986)**.**

ENTER this 16th day of August, 2010.

                                         s/ DAVID G. BERNTHAL
                                         U.S. MAGISTRATE JUDGE