## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### Urbana Division

| | |
|---|---|
| **RAIMUNDAS KAZLAUSKAS,** individually and on behalf of a class similarly situated individuals, | ) ) ) ) |
| Plaintiff, | ) Case No. 11-2144 |
| v. | ) ) |
| **UNITED HEALTHCARE INSURANCE COMPANY,** | ) ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

In April 2011, Plaintiff Raimundas Kazlauskas filed a Complaint - Breach of Contract - Class Action (#1-1, pp. 2-8) in the Circuit Court of the Sixth Judicial Circuit of Champaign County, against Defendant United Healthcare Insurance Company. Plaintiff alleges that Defendant wrongfully denied coverage of Plaintiff's insurance claim, and that Defendant's refusal to provide coverage was vexatious and unreasonable. Defendant filed a Notice of Removal (#1) in June 2011, bringing the case to this Court pursuant to 28 U.S.C. § 1332 and § 1441.

Defendant has filed United Healthcare Insurance Company's Rule 12(b)(6) Motion to Dismiss Complaint (#2). Plaintiff has filed a Memorandum in Opposition to Motion to Dismiss (#11). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), the Defendant's Rule 12(b)(6) Motion to Dismiss Complaint **(#2)** be **GRANTED**.

### I. Background

The following factual background is taken from Plaintiff's complaint filed in state court. Plaintiff was an undergraduate student enrolled at the University of Illinois at Urbana-Champaign. At the relevant time, he had purchased and had coverage under the Student Injury and Sickness Insurance Plan (hereinafter "the Insurance Plan") offered at the University of Illinois by Defendant United Healthcare. On April 17, 2010, Plaintiff was injured when he fell

off the third floor balcony of an apartment. He sought medical treatment for his injuries, and incurred expenses in the amount of $62,914.80. Defendant claimed that Plaintiff was intoxicated when he fell and sustained the injury, and has refused to pay Plaintiff's expenses incurred for medical treatment. (#1-1, p. 5).

Plaintiff alleges that the Insurance Plan was a group major medical policy of health insurance subject to 215 ILCS 5/367k (#1-1, p. 4, ¶ 11).[1] However, because Plaintiff has attached a summary of the provisions of the Insurance Plan to his Complaint (hereinafter the "Plan Summary"), the Court may properly consider this document in determining the nature of the policy and laws it is therefore subject to.[2]

The Plan Summary indicates that the Insurance Plan is a limited benefit plan. (#1-1, p. 11). The Plan Summary indicates that the Insurance Plan is issued to the University, and the plan is administered by the University. (#1-1, p. 14). The Insurance Plan contains an exclusion to coverage that provides as follows:

> No benefits will be paid for: a) loss or expense caused by or resulting from; or b) treatment, services or supplies for, at, or related to: . . . (13). Injury caused by or resulting from intoxication, illegal drugs, or any drugs or medicines that are not taken in the recommended dosage or for the purpose prescribed by the Insured Person's Physician; Intoxication is defined and determined by the laws of the state where the loss or cause of the loss was incurred . . . .

(1-1, p. 35). The Court will refer to this provision as the "Intoxication Exclusion."

---

[1] Plaintiff erroneously cited 215 ILCS 5/357.1 in his complaint, but actually quoted 215 ILCS 5/367k.

[2] The introduction to the document provided by Plaintiff states: "This booklet contains the principal provisions of the Policy which has been given to your University." (#1-1, p. 14). The Court therefore notes that this document is not the actual contract underlying this action for breach of contract. However, the parties do not dispute that this document accurately reflects the applicable provisions of the Insurance Policy. The Court will not interpret the document as it might a contract, but it will consider contents of the Plan Summary as facts alleged by Plaintiff.

Plaintiff does not make any allegation regarding whether he was sober or intoxicated at the time he sustained his injury.[3] He does not make any allegations regarding the cause of his injury. As the Court discusses below, Plaintiff instead relies on the argument that the Intoxication Exclusion is void under Illinois law.

## II. Standard

All that Federal Rule of Civil Procedure 8(a) requires is a short and plain statement showing that the plaintiff is entitled to relief. The purpose of this rule is to give the defendant notice of the claims and the grounds upon which they rest. *EEOC v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776 (7th Cir. 2007). If the plaintiff chooses to provide additional facts, beyond the short and plain statement requirement, plaintiff may plead himself out of court when the facts plaintiff provides demonstrate he has no claim. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Henderson v. Sheahan,* 196 F.3d 839, 846 (7th Cir. 1999) (stating that a plaintiff can plead himself out of court by alleging facts that undermine the validity of his claim).

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. When considering a motion to dismiss for failure to state a claim, the Court is limited to the allegations contained in the pleadings. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). The Court must treat all well-pleaded allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof'ls, Inc.,* 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (requiring plausible grounds for inferences if those inferences are to sustain a complaint).

---

[3]Plaintiff also did not indicate whether was sober at the time of the accident in his memorandum. If Plaintiff had ever indicated he was sober at the time of the accident, this would be a question of fact that would preclude dismissal.

### III. Discussion

Plaintiff alleges that the Intoxication Exclusion of the Insurance Plan is void under Illinois law. An allegedly applicable Illinois statute provides as follows:

> A group or individual major medical policy of accident or health insurance or managed care plan amended, delivered, issued, or renewed after January 1, 2008 shall not, solely on the basis of the insured being intoxicated or under the influence of a narcotic, exclude coverage for any emergency or other medical, hospital, or surgical expenses incurred by an insured as a result of and related to an injury acquired while the insured is intoxicated or under the influence of any narcotic, regardless of whether the intoxicant or narcotic is administered on the advice of a health care practitioner.

215 ILCS 5/367k(a). The Court will refer to this as Section 367k.

Defendant argues that Section 367k is not applicable to the Student Injury and Sickness Insurance Plan. Defendant argues that the Insurance Plan is not "a group or individual major medical policy of accident or health insurance or managed care plan," and therefore Section 367k does not attempt to regulate the Insurance Plan. Defendant points out that, as opposed to being a "group or individual medical policy," the Insurance Plan is a type of "blanket accident and health insurance." In Plaintiff's response, Plaintiff argues that "blanket accident and health insurance" is merely a subset of group health insurance, and therefore, under the plain language of Section 367k, the statute applies to the Insurance Plan.

Defendant additionally argues that, even if Section 367k does apply to the Insurance Plan, the Intoxication Exclusion would not violate the statute because the Intoxication Exclusion only applies to injuries caused by intoxication. Defendant argues that Section 367k only prohibits exclusion of coverage based on "the insured being intoxicated," thus prohibiting exclusion of coverage based on the insured's status at the time of the accident, but not reaching the issue of excluding coverage based on the cause of an accident. The Court does not reach this argument.

4

The Court notes at the outset that there is limited case law discussing the differences between or the relationship of "group accident and health insurance" and "blanket accident and health insurance" under Illinois law. The Court therefore relies heavily on the plain language of the Illinois statutes defining these terms to determine their applicability to the Insurance Plan.

"Group accident and health insurance" is defined as "that form of accident and health insurance covering not less than 2 employees, members, or employees of members, written under a master policy . . ." 215 ILCS 5/367(1). The statute goes on to specify what entities a master policy may be issued to, and to define the term "employees." *Id*.

"Blanket accident and health insurance" is defined as "that form of accident and health insurance covering special groups of persons as enumerated in one of the following paragraphs . . ." 215 ILCS 5/367a(1). One of the "special groups of persons" enumerated is college students or teachers. The applicable subprovision states that blanket accident and health insurance may be issued "[u]nder a policy or contract issued to a college, school, or other institution of learning or to the head or principal thereof, who or which shall be deemed the policyholder, covering students or teachers." 215 ILCS 5/367a(1)(c). Some of the other "special groups" enumerated include employers seeking to cover employees in hazardous lines of work, groups seeking to cover members of a volunteer fire department or first aid group, and sports teams or camps seeking to cover participants.

The first question is whether the Insurance Plan may be considered a "blanket accident and health insurance policy." It seems clear and uncontested that it is. The Insurance Plan is issued to and administered by the university. (#1-1, p. 14). The Insurance Plan covers undergraduate students and their dependents only. (#1-1, p. 14). The Court concludes that the Insurance Plan is a blanket accident and health insurance plan under 215 ILCS 5/367a(1)(c).

The second question is whether a "blanket accident and health insurance policy" is merely a subset of "group accident and health insurance," as Plaintiff argues. The overarching

5

aim for the court is to ascertain and give effect to the overall intent of the legislative drafters. *Flynn v. Indus. Comm'n*, 813 N.E.2d 119, 124-25 (Ill. 2004). The court should presume that the legislature intends that two or more statutes which relate to the same subject are to be read harmoniously, so that no provisions are rendered inoperative. *Id*. at 125. Statutes relating to the same subject must be compared and construed with reference to each other so that effect may be given to all of the provisions to the extent possible, even where an apparent conflict exists. *Id*. Specific statutory language takes precedence over more general language relating to the same topic. *Id*.

Applying these guidelines of statutory interpretation, the Court notes there would be no purpose in identifying special groups as eligible for "blanket accident and health insurance," if those special groups are merely a subset of "groups," and are to be treated the same as "groups" under all laws and regulations. Furthermore, in ascertaining legislative intent, the Court notes that several of the special groups enumerated as those eligible for blanket policies are groups that would likely find it difficult or expensive to obtain insurance, given either the hazards particular to the group, the wealth of the group, or both. Specifically, it is foreseeable that college students may find it difficult to afford health insurance. Likewise, employers may have difficulty affording insurance for their employees in hazardous lines of work, given the expense of insuring against such hazards. Other groups eligible for "blanket accident and health insurance" face similar constraints.

The Court makes two inferences from the above discussion. First, the Court infers that there must be some difference in laws applicable to "group accident and health insurance," compared to "blanket accident and health insurance," or eligibility for "blanket accident and health insurance" would be meaningless. Second, the Court infers that "blanket accident and health insurance" is likely to be treated differently in some way that decreases the cost of insurance for these groups, improving access to insurance. Notably, the Insurance Plan costs undergraduate students such as Plaintiff only $206.00 per semester. (#1-1, p. 14).

These inferences are further supported by *Gende v. Guarantee Trust Life Ins. Co.*, 404 N.E.2d 979 (Ill. App. 1980). There, an Illinois Appellate Court considered whether an insurance policy, which provided coverage to a high school student injured in a school football game, was a group policy or a blanket policy. The Court acknowledged that there are "significant differences between 'group' and 'blanket' insurance coverage." *Id*. at 982. The Court concluded that the specific policy at issue was most similar to a kind of enumerated "group" policy, and therefore the Court applied a statute applicable to "group" policies. The applicable statute was 215 ILCS 5/367(2)(b), a subsection of § 367, the section defining group insurance policies. The court rejected the notion that the specific policy at issue was governed by § 367a(1)(c), the provision that this Court has already found to be applicable to this case, due to the factual circumstances of that case. If the policy at issue had been governed by § 367a(1)(c), the court implied the regulation at issue would not have been applicable.

Finally, the Court acknowledges the legislative history of Section 367k summarized by Plaintiff. Plaintiff notes that, prior to 2008, Illinois law permitted certain intoxication exclusions. The specific wording of the allowable exclusion was governed by § 357.25, which has been repealed. Plaintiff implies that, because Section 367k effectively replaces § 357.25, that
Section 367k has the same applicable scope. However, § 357.25 was applicable to each accident and health policy "delivered or issued for delivery to any person in this State." 215 ILCS 5/357.14; *see also* 215 ILCS 5/357.1; Ill. Ins. Code, Pub. Act No. 095-0230, 215 ILCS 5 (2008). This stands in contrast to the limiting language in Section 367k, limiting its applicability to "[a] group or individual major medical policy of accident or health insurance or managed care plan." 215 ILCS 5/367(k). Contrary to Plaintiff's argument, the legislative history actually supports this Court's inference that the legislature did not intend to apply Section 367k to blanket policies, because the legislature used language in Section 367k with a narrower scope of applicability than the language of its predecessor, § 357.25.

This Court concludes that the Insurance Plan at issue is a blanket policy recognized under § 367a. The Court further concludes that Section 367k, prohibiting exclusion of coverage to insureds injured while intoxicated, does not apply to blanket policies identified under § 367a. The Court relies on the statutory language of Section 367k, stating it is applicable only to a "group or individual major medial policy of accident or health insurance or managed care plan," coupled with the Illinois Appellate Court's recognition that there are significant differences between 'blanket' and 'group' policies, and the laws pertaining to the latter do not necessarily apply to the former. The Court also notes the legislative history, where a prior law applicable to intoxication exclusions had a wider applicability than the current law, indicating the current law is intentionally narrower in scope and does not pertain to blanket policies.

Because this Court finds that Section 367k does not apply to the Insurance Plan, the Court concludes that the Intoxication Exclusion of the Insurance Plan is not void under Illinois law. Plaintiff has not alleged that he was intoxicated or that he was sober at the time of his accident. The Court notes that, because Plaintiff has not alleged that he was sober at the time of the accident, Plaintiff has not alleged facts that plausibly indicate he is entitled to relief for breach of contract, given validity of the Intoxication Exclusion of the Insurance Plan.

### IV. Summary

For the reasons stated above, this Court recommends that United Healthcare Insurance Company's Rule 12(b)(6) Motion to Dismiss Complaint **(#2)** be **GRANTED**.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 9th day of January, 2012.

                                                 s/ DAVID G. BERNTHAL
                                                 U.S. MAGISTRATE JUDGE