# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| RAIMUNDAS KAZLAUSKAS, individually and on behalf of a class of similarly situated individuals, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 11-2144 |
| UNITED HEALTHCARE INSURANCE COMPANY, ) ) ) ) | |
| Defendant. ) | |

## ORDER

On January 9, 2012, Magistrate Judge David G. Bernthal filed a Report and Recommendation (#16) in this case. Judge Bernthal recommended that the Plaintiff's Rule 12(b)(6) Motion to Dismiss (#2) be granted because the Plaintiff has not alleged facts plausibly indicating that he is entitled to relief for breach of contract. On January 23, 2012, Plaintiff filed an Objection (#17) to Judge Bernthal's Report and Recommendation. In his Objection, Plaintiff argued that this court should reject the Report and Recommendation (#16) because: (1) the intoxication exclusion contained in the insurance policy at issue violates Illinois law and Illinois public policy; and (2) even if the intoxication exclusion is valid under Illinois law, Plaintiff's claim for breach of contract should not be dismissed unless Defendant is able to affirmatively establish that Plaintiff was intoxicated at the time of the accident. Notably, the Plaintiff did not contest Judge Bernthal's finding that the insurance policy at issue is a "blanket accident and health policy" under Illinois law.

This court has carefully reviewed Judge Bernthal's Report and Recommendation (#16) and considered each of the arguments contained in Plaintiff's Objection (#17). Following this careful and thorough review, this court agrees with and accepts Judge Bernthal's Report and Recommendation. Despite the legislative statements made during enactment of 215 ILCS 5/367k, which Plaintiff heavily relies upon, the actual statutory language used and its organization indicates that the prohibition against "alcohol exclusions" does not apply to blanket accident and health insurance policies. If the Illinois legislature did not intend this result, the statute may be rewritten to have broader applicability.

Plaintiff's second argument relates to a question of pleading. Plaintiff, in his Complaint (#1), included the following statement: "[Defendant] claimed that [Plaintiff] was intoxicated when he fell and sustained injury . . . [and] has refused to pay the expenses incurred by [Plaintiff] for the medical treatment he received to treat his injuries." In his Complaint (#1), Plaintiff solely argued that he was entitled to relief because the intoxication exclusion was invalid under Illinois law. Importantly, Plaintiff did not present an alternative theory of relief—namely that he was entitled to relief for Defendant's breach of contract because, even if the intoxication exclusion was valid, Defendant breached the contract because that provision should not have applied to Plaintiff because he was not intoxicated at the time of the accident. Therefore, Judge Bernthal was correct to find that the facts as alleged by the Plaintiff did not "plausibly indicate he is entitled to relief for breach of contract." In Plaintiff's Objection (#17), Plaintiff argues that Plaintiff's claim for breach of contract should not be dismissed unless Defendant is able to affirmatively establish that

Plaintiff was intoxicated at the time of the accident. In light of the Plaintiff's Complaint (#1), it seems that there is no true dispute that Plaintiff was intoxicated. Nevertheless, although this court agrees with Judge Bernthal's conclusion that Plaintiff is not plausibly entitled to relief based on his Complaint (#1), this court will allow Plaintiff until March 5, 2012, to file a motion with this court if there is a good faith claim that Plaintiff would be entitled to relief on the basis that Plaintiff was not intoxicated at the time of the accident.[1] If Plaintiff files such a motion, this court will reconsider this Order.

IT IS THEREFORE ORDERED THAT:

(1) The Report and Recommendation (#16) is accepted by this court.

(2) Plaintiff's Rule 12(b)(6) Motion to Dismiss (#2) is GRANTED.

(3) If no motion for reconsideration is filed by Plaintiff by March 5, 2012, this case will be terminated.

ENTERED this 13th day of February, 2012

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE

---

[1] Plaintiff is instructed that any such motion will be subject to Federal Rule of Civil Procedure 11 Sanctions if it turns out that Plaintiff was clearly intoxicated at the time of the accident. In relevant part, Rule 11 provides:

> By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of that person's knowledge . . . the factual contentions have evidentiary support.

Fed. R. Civ. P. 11(b).